1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FLOYD SCOTT,

             Plaintiff,

    v.

ADVENTIST HEALTH BAKERSFIELD, et al.,

             Defendants.

Case No. 1:22-cv-01334-ADA-CDB

SCREENING ORDER DISMISSING WITHOUT PREJUDICE PLAINTIFF'S COMPLAINT WITH LEAVE TO FILE A FIRST AMENDED COMPLAINT

(ECF No. 1)

      Plaintiff Floyd Scott ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action brought pursuant to 42 U.S.C. § 1983.  (ECF No. 1 at 1).  Plaintiff lists the following parties as defendants (1) Adventist Health Bakersfield, (2) John Doe, (3) Kathleen L. Thomas, (4) David Reed Condie, (5) Gallagher Bassett, (6) Christina Dietrich (7) Gwen Arroyo, SCLA, (8) Compass Group, (9) National Union Insurance Company of Pittsburgh [*sic*], (10) Timothy Miller, R.N. ("Defendants").  *Id*. at 1-2.

**Preliminary Screening**

      Plaintiff, who is proceeding without counsel in this action, was granted status to proceed *in forma pauperis* ("IFP") in this action.  (ECF Nos. 2-3).  *See* 28 U.S.C. § 1915(a) (authorizing the commencement of an action "without prepayment of fees or security" by a person who is unable to pay such fees).  However, the determination that a plaintiff may proceed without

payment of fees does not complete the Court's inquiry.  Pursuant to 28 U.S.C. § 1915(e)(2)(B), federal courts must screen IFP complaints and dismiss any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted" or seeks monetary relief against an immune defendant.  *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim.").

**Procedural and Factual Background**

On January 15, 2021, Plaintiff alleges he was taken to Adventist Health Bakersfield. (ECF No. 1 at 5).  Plaintiff states he was "wearing waist chains with hand cuffs [*sic*] and leg chains with ankle cuffs while at Adventist Health Bakersfield".  *Id.*  Plaintiff claims he was placed in a hospital wheelchair and escorted to a pre-operative examination room by an unspecified wheelchair attendant.  *Id.*  Plaintiff asserts "once at the examination room I was told to get up before I could fully move away from the wheelchair my leg chains got caught on the wheel chairs foot rest [*sic*] causing me to fall face forward with no way to stop the fall."  *Id.* Plaintiff alleges the wheelchair attendant did not assist him out of the wheelchair and as a result of his fall he injured his left knee.  *Id.*

Plaintiff claims following the fall, the wheelchair attendant and a corrections staff member took him to an examination room bed.  *Id.*  Plaintiff asserts he was seen by Registered Nurse Kathleen L. Thomas and Doctor David Reed Condie.  *Id.* at 5-6.  Plaintiff claims he informed Nurse Thomas and Doctor Condie that his left knee was in pain.  *Id.*  Plaintiff alleges he was provided a concussion check by Doctor Condie but received no pain medication, was not given an X-Ray or "an M.I.R. [*sic*]" and "did not even get an ace bandage or anything."  *Id.* at 5. Sometime after, Plaintiff claims "X-Rays and an M.R.I. done at the California State Prison-Los Angeles County shows an injury to my left knee that was not there prior to January 15, 2021."  *Id.* at 6.  Plaintiff states he now has to wear a knee brace on his left knee.  *Id.* at 9.

Plaintiff claims he attempted to obtain the wheelchair attendant's name but Adventist Health Bakersfield, its office of risk management, and their parent company The Compass Group failed to respond to his "numerous requests."  *Id.* at 7.  Plaintiff alleges he made numerous

attempts to file an insurance claim for his left knee but the insurance agency Gallagher Bassett its

employees Gwen Arroyo, SCLA, Christian Dietrich, and Timothy Miller, R.N., a person from the

hospital's office of risk management failed to respond to his requests. *Id*.

**Plaintiff's Claims**

The Court accepts Plaintiff's allegations in the complaint as true only for the purpose of

the *sua sponte* screening requirement under 28 U.S.C. § 1915.  Plaintiff argues that Defendants'

conduct violated his "Eighth Amendment Rights to Adequate Medical Care; Deliberate

Indifference; Denying Medical Treatment."  (ECF No. 1 at 5).  Moreover, Plaintiff claims

Defendants violated his "Due Process Rights." *Id*. at 7.

**Standard of Review**

A federal court must screen IFP complaints and dismiss any case that fails to state a claim

on which relief may be granted.  28 U.S.C. § 1915(e)(2)(B); *see Wilhelm v. Rotman*, 680 F.3d

1113, 1121 (9th Cir. 2012) ("Failure to state a claim under § 1915 incorporates the familiar

standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure

12(b)(6).") (citations omitted)).  When considering whether a complaint states a claim upon

which relief can be granted, the court must accept the well-pled factual allegation as true and

construe the complaint in the light most favorable to the plaintiff.  *Erickson v. Pardus*, 551 U.S.

89, 94 (2007).  To avoid dismissal for failure to state a claim, a complaint must contain more than

"naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause

of action."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009).  Relief cannot be granted for a claim that lacks facial plausibility.

*Twombly*, 550 U.S. at 570.  Instead, "a claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.

A court must dismiss a case if, at any time, it determines that it lacks subject matter

jurisdiction.  Fed. R. Civ. P. 12(h)(3).  A federal district court generally has jurisdiction over a

civil action when (1) a federal question is presented in an action "arising under the Constitution,

3

1    laws, or treaties of the United States" or (2) there is complete diversity of citizenship between the

2    parties and the amount in controversy exceeds $75,000.  See 28 U.S.C. §§ 1331, 1332(a).

3           Pleadings by self-represented litigants are to be liberally construed.  *See Haines v. Kerner*,

4    404 U.S. 519, 520-21 (1972).  However, "the liberal pleading standard . . . applies only to a

5    plaintiff's factual allegations," not his legal theories.  *Neitzke v. Williams*, 490 U.S. 319, 330 n .9

6    (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential

7    elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin*., 122 F.3d

8    1251, 1257 (9th Cir. 1997) (internal quotation marks & citation omitted), and courts "are not

9    required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681

10   (9th Cir. 2009) (internal quotation marks & citation omitted).

11          Unless it is clear no amendment can cure the defects of a complaint, a self-represented

12   plaintiff proceeding IFP ordinarily is entitled to notice and an opportunity to amend before

13   dismissal.  *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).  Leave to amend need not be

14   granted when further amendment would be futile.  *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336,

15   339 (9th Cir. 1996).

16   **<u>Discussion</u>**

17          Plaintiff's complaint fails to state a claim on which relief may be granted.  Plaintiff asserts

18   Defendants violated his Eighth Amendment rights to adequate medical care through deliberate

19   indifference and by denying him medical treatment.  (ECF No. 1 at 5).  In addition, Plaintiff

20   claims Defendants violated his due process rights by failing to act with goodwill.  *Id*. at 7.

21   Ostensibly, Plaintiff has brought this action under 42 U.S.C. § 1983.  The Civil Rights Act

22   provides:

23           Every person who, under color of any statute, ordinance, regulation, custom, or usage, of
             any State or Territory or the District of Columbia, subjects, or causes to be subjected, any
24           citizen of the United States or other person within the jurisdiction thereof to the
             deprivation of any rights, privileges or immunities secured by the Constitution and laws,
25           shall be liable to the party injured in an action at law, suit in equity, or other proper
             proceeding for redress…
26

27

28

4

42 U.S.C. § 1983. "[Section] 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

To state a claim under § 1983, a plaintiff must show that he was deprived of a right secured by the Constitution and law of the United States and that deprivation occurred under the color of state law. *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003) (citing *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978)); *Marsh v. County of San Diego*, 689 F.3d 1148, 1158 (9th Cir. 2012). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

Action under the color of state law normally consist of actions taken by a public agency or officer. *Taylor v. First Wyoming, Bank, N.A.*, 707 F.2d 388, 389 (9th Cir. 1983). Private parties are not generally acting under the color of state law for the purpose of § 1983. *Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991); *see Sutton v. Providence St. Joseph Medical Center*, 192 F.3d 826, 835 (9th Cir. 1999) (a party charged with constitutional deprivation must be a governmental actor because "§ 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrong"). However, "state action may be found if, though only if, there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Lee v. Katz*, 276 F.3d 550, 554 (9th Cir. 2002) (internal quotation marks and alterations omitted).

The Ninth Circuit has recognized at least four tests that facilitate the identification of state action, namely, "(1) public function; (2) joint action; (3) governmental compulsion or coercion; and (4) governmental nexus." *Rawson v. Recovery Innovations*, 975 F.3d 742, 747 (9th Cir. 2020) (*quoting Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003)). Satisfaction of any of these tests is enough to find state action, provided no "countervailing" factors exist. *Id*. Regardless of the test, "[a]t bottom, the inquiry is always whether the defendant has exercised

1    power possessed by virtue of state law and made possible only because the wrongdoer is clothed

2    with the authority of state law." *Id.* at 748 (internal quotations and citations omitted).  The

3    plaintiff bears the burden of establishing that defendant is a state actor, and there is a presumption

4    that private individuals and entities do not act under the "color of state law" within the meaning

5    of § 1983.  *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011).

6         Plaintiff has not alleged that any of these Defendants are state entities, state employees,

7    contracted by the state, or were otherwise acting under color of state law.  Generally, physicians

8    who contract with prisons to provide healthcare to inmates are state actors.  *West v. Atkins*, 487

9    U.S. 42, 51-54 (1988).  However, private doctors, nurses, and hospitals who have not assumed the

10   state's obligation to provide medical care to inmates are not state actors simply because they

11   provide one-off medical treatment to an inmate.  *Id.*; *Briley v. California*, 564 F.2d 849, 855-856

12   (9th Cir. 1977).  Plaintiff has failed to allege Defendants are cloaked in the authority of the state

13   or have assumed the state's obligation to provide sufficient care to prisoners to consider them

14   state actors. *See generally* (ECF No. 1).  Therefore, the Court must dismiss Plaintiff's Complaint

15   for failing to demonstrate Defendants alleged constitutional deprivations are attributable to the

16   state.

17        Plaintiff will be granted an opportunity to file a first amended complaint curing the

18   aforementioned deficiencies.  Plaintiff is advised that an amended complaint supersedes the

19   original complaint.  *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012).  Plaintiff's first

20   amended complaint must be "complete in itself without reference to the prior or superseded

21   pleading."  Local Rule 220.

22        Accordingly, it is hereby ORDERED:

23   1.   Plaintiff's Complaint (ECF No. 1) shall be DISMISSED WITHOUT PREJUDICE for

24        failure to state a claim;

25   2.   Within thirty days from the date of service of this order, Plaintiff shall file a first

26        amended complaint, curing if able, the deficiencies identified by the Court in this

27        order; and

28

3. If Plaintiff fails to file a first amended complaint in compliance with this order, the Court will recommend to the district judge that this action be dismissed, with prejudice, for failure to obey a court order, failure to prosecute, and for failure to state a claim.

IT IS SO ORDERED.

Dated:   **November 28, 2022**

_____
UNITED STATES MAGISTRATE JUDGE