1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FLOYD SCOTT,

    Plaintiff,

  v.

ADVENTIST HEALTH BAKERSFIELD, et al.,

    Defendants.

Case No.: 1:22-cv-01334-NODJ-CDB

**SECOND SCREENING ORDER**

**21-DAY DEADLINE**

  Plaintiff Floyd Scott is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

  **I.  SCREENING REQUIREMENT**

  The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

//

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## II.   PLEADING REQUIREMENTS

### A.  Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002). A complaint must contain "a short and plain statement of the claims showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal quotation marks & citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Id*. (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of pro se prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," not his legal theories. *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin*., 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks & citation omitted), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks & citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks & citation omitted).

### B.  Linkage and Causation

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. To state a claim under

2

1    section 1983, a plaintiff must show a causal connection or link between the actions of the

2    defendants and the deprivation alleged to have been suffered by the plaintiff. *See Rizzo v. Goode*,

3    423 U.S. 362, 373-75 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the

4    deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative

5    act, participates in another's affirmative acts, or omits to perform an act which he is legal required

6    to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740,

7    743 (9th Cir. 1978) (citation omitted).

8                  **C. Supervisory Liability**

9         Liability may not be imposed on supervisory personnel for the actions or omissions of

10    their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676-77; *see e.g.,*

11    *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010) (plaintiff required to

12    adduce evidence the named supervisory defendants "themselves acted or failed to act

13    unconstitutionally, not merely that subordinate did"), *overruled on other grounds by Castro v.*

14    *C'nty of Los Angeles,* 833 F.3d 1060, 1070 (9th Cir. 2016); *Jones v. Williams,* 297 F.3d 930, 934

15    (9th Cir. 2002) ("In order for a person acting under color of state law to be liable under section

16    1983 there must be a showing of personal participation in the alleged rights deprivation: there is

17    no respondeat superior liability under section 1983").

18         Supervisors may be held liable only if they "participated in or directed the violations, or

19    knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th

20    Cir. 1989). "The requisite causal connection may be established when an official sets in motion a

21    'series of acts by others which the actor knows or reasonably should know would cause others to

22    inflict' constitutional harms." *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009).  Accord

23    *Starr v. Baca*, 652 F.3d 1202, 1205-06 (9th Cir. 2011) (supervisory liability may be based on

24    inaction in the training and supervision of subordinates).

25         Supervisory liability may also exist without any personal participation if the official

26    implemented "a policy so deficient that the policy itself is a repudiation of the constitutional

27    rights and is the moving force of the constitutional violation." *Redman v. Cty. of San Diego*, 942

28    F.2d 1435, 1446 (9th Cir. 1991) (citations & quotations marks omitted), *abrogated on other*

1  *grounds by Farmer v. Brennan*, 511 U.S. 825 (1970).

2       To prove liability for an action or policy, the plaintiff "must ... demonstrate that his

3  deprivation resulted from an official policy or custom established by a ... policymaker possessed

4  with final authority to establish that policy." *Waggy v. Spokane County Washington*, 594 F.3d

5  707, 713 (9th Cir.2010). When a defendant holds a supervisory position, the causal link between

6  such defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v.*

7  *Stapley*, 607 F.2d 858, 862 (9th Cir. 1979). Vague and conclusory allegations concerning the

8  involvement of supervisory personnel in civil rights violations are not sufficient. *See Ivey v.*

9  *Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

10      **III.    DISCUSSION**

11           **A.  Plaintiff's First Amended Complaint**

12       Plaintiff's first amended complaint names the following entities or individuals as

13  defendants in this action:

14           Adventist Health Bakersfield

15           John Doe, Wheelchair Attendant/RN

16           Kathleen L. Thomas, RN

17           David Reed Condie, MD

18           Gallagher Bassett, Insurance Agency

19           Christina Dietrich, Insurance Agent

20           Gwen Arroyo, SCLA

21           Compass Group, parent company of Adventist Health Bakersfield

22           National Union Insurance Company of Pittsburg, underwriter

23           Timothy Miller, RN/Professional Liability Claims Manager

24  (Doc. 7 at 2-6.) Plaintiff seeks $5,000,000 in damages. (*Id*. at 16-17.)

25           **B.  The Factual Allegations**

26       Plaintiff contends that on January 15, 2021, he was transported to Adventist Health

27  Bakersfield, a contracted medical facility of the California Department of Corrections and

28  Rehabilitation ("CDCR") and California State Prison-Los Angeles County ("CSP-LAC"). (Doc. 7

4

at 10-11.) Plaintiff was escorted by an Adventist Health Bakersfield employee, a state actor, to an examination room. (*Id*. at 11.) He was instructed to get up from the wheelchair by the "Wheelchair Attendant," but once Plaintiff took a step forward, the leg chains caught on the wheelchair's footrest, and he fell "face first with no way to prevent the fall that caused an immediate dent and a knot to form" on his left knee. (*Id*.) Plaintiff contends the attendant did not act "with good faith" or assist him while he was "in full waist chains with hand cuffs and leg chains with ankle cuffs." (*Id*.) Plaintiff states he is 63 years old. (*Id*.) Plaintiff asserts that had the attendant assisted him up from the wheelchair, he would not have fallen or suffered any pain. (*Id*.) After the fall, Plaintiff was carried to a hospital bed by the attendant and a correctional officer. (*Id*.)

Plaintiff alleges he advised Defendant Thomas that he was in pain and pointed out the injury to his left knee. (Doc. 1 at 12.) Thomas failed to provide pain medication and "did nothing which amounts to deliberate indifference." (*Id*.) When the "emergency team" arrived, Defendant Condie checked for a concussion, but Plaintiff never complained of a head injury. (*Id*.) Plaintiff advised Condie he was in pain and "showed Condie the left knee with the dent and the knot." (*Id*.) Plaintiff alleges Condie did not provide pain medication, nor did the doctor order an x-ray or MRI. (*Id*.) Plaintiff contends Condie was deliberately indifferent "by denying and delaying treatment" to Plaintiff's left knee. (*Id*.)

Plaintiff asserts Defendants Doe, Thomas and Condie were state actors who "failed to act with reasonable care and due diligence" during Plaintiff' visit to Adventist Health Bakersfield "for a US Thyroid Biopsy." (Doc. 7 at 12-13.) Plaintiff contends their actions were witnessed by a "CDCR Staff Member." (*Id*. at 13.)

Plaintiff further contends that upon his return to CSP-LAC, later x-rays and an MRI show an injury to his left knee. (Doc. 7 at 13.) He asserts he was "told by several Doctors that he would have pain in the left knee for the rest of his life." (*Id*.)

//

//

//

5

1

### C.  Plaintiff's "Statement of Claim"

2

Plaintiff asserts that Defendant Adventist Health Bakersfield and their parent company,

3

Defendant Compass Group, contract with CDCR and CSP-LAC to "handle several Medical

4

Appointments" for state prisoners. (Doc. 7 at 13.) He contends the contract between CDCR, CSP-

5

LAC and Defendant Adventist Health Bakersfield places it "in nexus acting as a State Action …."

6

(*Id*. at 14.) Plaintiff suffered the injury to his left knee while in the "direct care/custody" of

7

Adventist Health Bakersfield's wheelchair attendant (Defendant Doe) and Plaintiff was not

8

provided with medical treatment or care "as would a private citizen." (*Id*.) Plaintiff asserts he

9

contacted Adventist Healthcare Bakersfield several times to obtain the wheelchair attendant's

10

name but did not receive a response. (*Id*.) Further, Plaintiff contends Defendant Gallagher Bassett

11

and its employees—Defendants Arroyo and Dietrich—failed to respond to his numerous attempts

12

to file a claim for his knee injury. (*Id*.) Nor did Plaintiff receive a response from Defendant

13

National Union Insurance Company of Pittsburg. (*Id*. at 14-15.) Plaintiff contends Defendant

14

Miller "is the Adventist Health Medical Centers person from the Office of Risk Management and

15

he failed to assist [Plaintiff] when [he] attempted to file a claim" concerning his injury. (*Id*. at 15.)

16

Plaintiff asserts he has contacted the office several times seeking the wheelchair attendant's

17

name. (*Id*.) He contends Defendant Miller "failed to allow" Plaintiff to file a claim. (*Id*.) Plaintiff

18

contends these "inactions" violated "his Due Process to file a legitimate claim" and that

19

Defendant Adventist Health Bakersfield "and its employees and Insurance were under contract to

20

CDCR and CSP-LAC to provide Proper Medical Care to Prisoners including the Plaintiff." (*Id*.)

21

### D.  Analysis

22

The Court construes Plaintiff's first amended complaint to allege Eighth Amendment

23

deliberate indifference to serious medical needs claims against Defendants Adventist Health

24

Bakersfield, John Doe, Thomas and Condie, as well as Fourteenth Amendment due process

25

claims against Defendants Adventist Health Bakersfield, Gallagher Bassett, Compass Group,

26

National Union Insurance Company of Pittsburg, Arroyo, Dietrich and Miller.

27

//

28

//

**<u>Eighth Amendment: Deliberate Indifference Standard</u>**

Prison officials violate the Eighth Amendment if they are "deliberate[ly] indifferen[t] to [a prisoner's] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  "A medical need is serious if failure to treat it will result in '"significant injury or the unnecessary and wanton infliction of pain."'" *Peralta v. Dillard*, 744 F.3d 1076, 1081-82 (9th Cir. 2014) (quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc)).

To maintain an Eighth Amendment claim based on medical care in prison, a plaintiff must first "show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.  Second, the plaintiff must show the defendants' response to the need was deliberately indifferent." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (quoting *Jett*, 439 F.3d at 1096 (quotation marks omitted)).

As to the first prong, indications of a serious medical need "include the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (citation & internal quotation marks omitted); accord *Wilhelm*, 680 F.3d at 1122; *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) ("Examples of serious medical needs include '[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain").

As to the second prong, deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)).  Deliberate indifference is shown where a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to

abate it." *Id*. at 847. In medical cases, this requires showing: (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. *Wilhelm*, 680 F.3d at 1122 (quoting *Jett*, 439 F.3d at 1096). "A prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." *Jett*, 439 F.3d at 1096 (citing *McGuckin*, 974 F.2d at 1060).

Deliberate indifference is a high legal standard. *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id*. at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id*. (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

To prevail on a deliberate-indifference claim, a plaintiff must also show that harm resulted from a defendant's wrongful conduct. *Wilhelm*, 680 F.3d at 1122; *see also Jett*, 439 F.3d at 1096; *Hallett v. Morgan*, 296 F.3d 732, 746 (9th Cir. 2002) (prisoner alleging deliberate indifference based on delay in treatment must show delay led to further injury).

"A private physician or hospital that contracts with a public prison system to provide treatment for inmates performs a public function and acts under color of law for purposes of § 1983." *George v. Sonoma Cnty. Sheriff's Dep't,* 732 F. Supp. 2d 922, 934 (N.D. Cal. 2010) (citing *West v. Atkins*, 487 U.S. 42, 56 n. 15 (1988) & *Lopez v. Dep't of Health Servs*., 939 F.2d 881, 883 (9th Cir.1991)). In order to state a claim against private entities who have performed a public function and have acted under color of law for purposes of Section 1983, Plaintiff must allege facts demonstrating that his constitutional rights were violated based upon a "policy, decision, or custom promulgated or endorsed by the private entity." *Id.* at 939-40; *see Rodriguez v. Plymouth Ambulance Serv*., 577 F.3d 816, 822 (7th Cir. 2009) (stating that, "like a municipality, a private corporation can be liable if the injury alleged is the result of a policy or practice, or liability can be demonstrated indirectly by showing a series of bad acts and inviting the court to infer from

8

them that the policy-making level of government was bound to have noticed what was going on and by failing to do anything must have encouraged or at least condoned the misconduct of subordinate officers"); *McRorie v. Shimoda*, 795 F.2d 780, 784 (9th Cir. 1986) (to state an official capacity claim under section 1983, a plaintiff must allege that the official was acting pursuant to a policy or custom).

#### ***Adventist Health Bakersfield, John Doe, Thomas & Condie***

Initially, the Court notes Plaintiff has not alleged any facts by which the Court could reasonably infer that Plaintiff's constitutional rights were violated based upon a policy, decision, or custom promulgated or endorsed by Defendant Adventist Health Bakersfield. *George*, 732 F. Supp. 2d at 939-40. Therefore, Plaintiff fails to state an Eighth Amendment claim against Defendant Adventist Health Bakersfield. Out of an abundance of caution, Plaintiff will be granted leave to amend his complaint to cure this deficiency, assuming he can do so in good faith.

Next, even liberally construed, Plaintiff's first amended complaint fails to allege cognizable Eighth Amendment deliberate indifference claims against Defendants Doe, Thomas and Condie. Plaintiff meets the first prong of the deliberate indifference test by asserting he suffered an injury to his left knee resulting in chronic pain. *Colwell*, 763 F.3d at 1066. However, even liberally construing the first amended complaint, Plaintiff fails to meet the second prong of the relevant test. This is so because Plaintiff has alleged nothing more than negligent medical treatment by Defendants Doe, Thomas and Condie. *See Farmer*, 511 U.S. at 835 (deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety'"). Negligent medical care or treatment is insufficient to state an Eighth Amendment claim. *See Estelle*, 429 U.S. at 106 ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment"); *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990) (even gross negligence is insufficient to establish deliberate indifference). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106. And a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not

1    give rise to a § 1983 claim." *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal

2    citation omitted). To prevail, a plaintiff "must show that the course of treatment the doctors chose

3    was medically unacceptable under the circumstances ... and ... that they chose this course in

4    conscious disregard of an excessive risk to plaintiff's health." *Jackson v. McIntosh*, 90 F.3d 330,

5    332 (9th Cir. 1996) (internal citations omitted). Plaintiff has alleged no facts indicating Defendant

6    Doe's conduct was intentional, nor has he alleged any facts indicating Defendants Thomas and

7    Condie's conduct was intentional or something more than negligence or an ordinary lack of due

8    care. This Court accepts Plaintiff's facts as true, but not his legal theories. *Neitzke*, 490 U.S. at

9    330 n.9. Here, despite Plaintiff's asserted legal theories, the first amended complaint fails to

10    allege sufficient facts to support his Eighth Amendment deliberate indifference to serious medical

11    needs claims.

12       In sum, Plaintiff fails to allege Eighth Amendment deliberate indifference to serious

13    medical needs claims against Defendants Adventist Health Bakersfield, Doe, Thomas or Condie.

14    Plaintiff will be granted leave to amend to cure the deficiencies identified, assuming he can do so

15    in good faith. Plaintiff is cautioned that he must allege *facts* sufficient to state a claim. Simply

16    stating a defendant was deliberately indifferent is a legal theory, not a fact.

17    <u>**Fourteenth Amendment: Due Process Standard**</u>

18       The Fourteenth Amendment protects persons from deprivations of life, liberty, or property

19    without due process of law. U.S. Const. amend. XIV. The Due Process Clause "protects persons

20    against deprivations of life, liberty, or property; and those who seek to invoke its procedural

21    protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S.

22    209, 221 (2005). When a protected interest is implicated, the Due Process Clause provides certain

23    procedural guarantees. *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 569 (1972). The

24    amount of process or specific procedures required vary by context and the particular interest at

25    stake. *See Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

26       "[T]he due process guarantee does not entail a body of constitutional law imposing

27    liability whenever someone cloaked with state authority causes harm." *County of Sacramento v.*

28    *Lewis*, 523 U.S. 833, 848 (1998). "It is well established that negligent conduct is ordinarily not

1   enough to state a claim alleging a denial of liberty or property under the Fourteenth Amendment."

2   *See Doe v. Beard*, NO. EDCV 14-02262 DDP (SPx), 2014 WL 3507196, *6 (C.D. Cal. July 14,

3   2014), citing *Daniels v. Williams*, 474 U.S. 327, 330 (1986*)); Davidson v. Cannon*, 474 U.S. 344,

4   347 (1986) ("[T]he Due Process Clause of the Fourteenth Amendment is not implicated by the

5   lack of due care of an official causing unintended injury to life, liberty or property. In other

6   words, where a government official is merely negligent in causing the injury, no procedure for

7   compensation is constitutionally required").

8   *Adventist Health Bakersfield & Related Insurance Defendants*

9   Plaintiff seeks to hold Defendants Adventist Health Bakersfield, Gallagher Bassett,

10  Compass Group, National Union Insurance Company of Pittsburg, Arroyo, Dietrich and Miller

11  liable for unspecified Fourteenth Amendment due process violations based upon those entities or

12  individuals' failures to respond to his various inquiries or requests. (*See* Doc. 7 at 14 ["Plaintiff

13  contacted AHB several times to get the Wheelchair Attendants name. The Plaintiff never received

14  the Wheelchair Attendants name. AHB and its Parent Company and their Insurance Providers

15  Gallagher Bassett and their employee Gwen Arroyo, SCLA and Christina Dietrich failed to

16  respond to the Plaintiffs numerous attempts to file a claim"] & 15 [and no response "from their

17  Insurance Writer The National Union Insurance Company of Pittsburgh who is listed as an

18  Underwriter"].)

19  "The concept of substantive due process ... forbids the government from depriving a

20  person of life, liberty, or property in such a way that shocks the conscience or interferes with

21  rights implicit in the concept of ordered liberty." *Nunez v. City of Los Angeles*, 147 F.3d 867, 871

22  (9th Cir.1998) (citation & internal quotation marks omitted). To establish a claim, plaintiff "must,

23  as a threshold matter, show a government deprivation of life, liberty, or property." *Action*

24  *Apartment Ass'n, Inc. v. Santa Monica Rent Control Bd.*, 509 F.3d 1020, 1026 (9th Cir. 2007)

25  (quoting *Nunez*, 147 F.3d at 871). "The Due Process Clause takes effect only if there is a

26  deprivation of a protected interest." *Nunez*, 147 F.3d at 874. Here, Plaintiff fails to identify a

27  protected interest. "There is no general liberty interest in being free from capricious government

28  action." *Id.* at 873. The Court will grant Plaintiff leave to amend. To the extent he is able in good

faith, Plaintiff should clearly state the pertinent factual allegations and the basis for relief. It could be inferred that Plaintiff believes he has a protected interest in a response to his requests or inquiries to Adventist Health Bakersfield and the related insurance defendant entities or individuals regarding the identify of Defendant Doe, the wheelchair attendant. In order to state a cognizable claim for the violation of substantive due process, Plaintiff must identify a protected interest that was deprived in a manner that "shocks the conscience or interferes with rights implicit in the concept of ordered liberty." *Id*. at 871. *See Waters v. Hollywood Tow Service*, No. CV 07-7568 CAS (AJW), 2010 WL 11465238, at *14 (C.D. Cal. July 27, 2010) ("[T]he use of substantive due process to extend constitutional protection to economic and property rights has been largely discredited. Rather, recent jurisprudence restricts the reach of the protections of substantive due process primarily to liberties deeply rooted in this Nation's history and tradition") (citations and quotations omitted).

To state a procedural due process claim, a plaintiff must allege: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections. *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir. 2003). A prisoner has a liberty interest protected by the Due Process Clause only where the restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Keenan v. Hall*, 83 F.3d 1083, 1088 (9th Cir. 1996) (quoting *Sandin v. Connor*, 515 U.S. 472, 484 (1995)). Under the facts alleged, Plaintiff has not established that he suffered restraints outside the normal incidents of prison life. Incarcerated persons must rely on written correspondence to submit requests or inquiries to outside entities, agencies or individuals for information. That restriction is a reality of prison life, and the Court is skeptical that Plaintiff can show such a restriction imposes an atypical or significant hardship regarding the ordinary incidents of prison life.

Notably too, as a predicate to Section 1983 liability, a public official must integrally participate in the alleged constitutional violations. *Boyd v. Benton County*, 374 F.3d 773, 780 (9th Cir. 2004). The Ninth Circuit recognized "[w]e have yet to define the minimum level of involvement for liability under the integral-participant doctrine," however, "[t]he official's individual actions need not themselves rise to the level of a constitutional violation, but the

1  official must be more than a mere bystander." *Hernandez v. Skinner*, 969 F.3d 930, 941 (9th Cir.

2  2020) (citations omitted) (quoting *Bravo v. City of Santa Maria*, 665 F.3d 1076, 1090 (9th Cir.

3  2011)). As such, the Ninth Circuit points to the standards of causation under tort law, as

4  constitutional violations under Section 1983 are a subspecies of tort law. *Skinner*, 969 F.3d at

5  941. There are two standards of causation under tort law: proximate and but-for cause. Id.

6  "Proximate cause is often explicated in terms of foreseeability or the scope of the risk created by

7  the predicate conduct." *Paroline v. United States*, 572 U.S. 434, 445 (2014). In contrast, but-for

8  cause exists where the injury would not have occurred "but-for" that conduct. *White v. Roper*, 901

9  F.2d 1501, 1505-06 (9th Cir. 1990). Here, even assuming without deciding that Adventist Health

10 Bakersfield and the insurance related defendants are public officials in this context,[1] Plaintiff fails

11 to allege facts indicating they "integrally participate[d]" in the alleged constitutional violations.

12 *Boyd*, 374 F.3d at 780. Plaintiff fails to show causation. He alleges no facts addressing the

13 foreseeability of harm for these defendants' purported failure to respond to his inquiries or

14 requests regarding the true name of Defendant Doe. In other words, Plaintiff has not shown or

15 alleged how Defendants' unresponsiveness precluded him from filing a claim. Nor has Plaintiff

16 alleged sufficient facts to show but for these Defendants' conduct, he would have filed some

17 unidentified claim or claims other than those asserted in this action. *Paroline*, 572 U.S. at 445;

18 *White*, 901 F.2d at 1505-06.

19

20 [1]*See Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003) ("While generally not applicable to private parties, a § 1983 action can lie against a private party when 'he is a willful participant in joint action with

21 the State or its agents.'") (quoting *Dennis v. Sparks*, 449 U.S. 24, 27 (1980)); *see also Appleby v. Johnson & Johnson Corporation*, No. 2:21-07109 CJC (ADS), 2022 WL 2987182, at *2 (C.D. Cal. July 26, 2022)

22 (in civil rights action where prisoner plaintiff named private party as defendant, court found "J&J is a private party, and there are no facts to show that J&J willfully participated in any joint action with the

23 State of California or its agents. Nor is it enough for the FAC to allege, in conclusory fashion, that J&J acted as an agent of the CDCR. Without more, the FAC fails to state a Section 1983 claim for deliberate

24 indifference under the Eighth or Fourteenth Amendments against J&J"); *Redford v. Greendot Corporation*, No. CV 20-3260 JGB (PVC), 2020 WL 13810215, at * 3 (C.D. Cal. Aug. 26, 2020) (in civil

25 rights action, prisoner plaintiff named private business entity and various employees as defendants; court determined "Plaintiff has not adequately alleged that Defendants' actions constitute anything more than

26 private conduct" for their denials of his written requests for refund); *Johnson v. Natural Roots Marijuana Dispensary*, No. 13cv0642 WQH (DHB), 2013 WL 2905296, at *4 (S.D. Cal. June 13, 2013) (in jail

27 detainee's suit against owner and its employees or volunteers, court found "Plaintiff's Complaint fails to allege facts sufficient to show that any Defendant acted on behalf of, or in any way which is attributable

28 to, the State").

1    Lastly, and significantly, the failures alleged by Plaintiff amount to mere negligence.

2    Plaintiff alleges no facts indicating intentional conduct or action on the part of either Adventist

3    Health Bakersfield or the related insurance defendants. Hence, Plaintiff fails to state any

4    Fourteenth Amendment due process claim against these entities or individuals. *Lewis*, 523 U.S. at

5    848; *Davidson*, 474 U.S. at 347; *Doe*, 2014 WL 3507196 at *6. *See Dixon v. Wesbrook*, No. 1:11-

6    CV-01290 AWI JLT, 2012 WL 6160797, at *2, *4 (E.D. Cal. Dec. 11, 2012) (dismissing

7    Fourteenth Amendment due process claim against police officers who did not arrest individuals at

8    plaintiff's request and stating "Inaction cannot be used to invoke a violation of the Constitution");

9    *Guillen v. Fox*, No. 1:03-cv-06004-LJO-MJS, 2011 WL 1134459, at *4 (E.D. Cal. Mar. 28, 2011)

10   ("The due process clause does not guarantee that the Defendants take due care. The Court will not

11   impose liability for negligent inflictions of harm. To be liable, the conduct must have been

12   intended to injure in some unjustifiable way").

13   Despite the deficiencies identified above, Plaintiff will have an opportunity to amend his

14   complaint to cure these deficiencies, assuming he can do so in good faith.

15   **V.    CONCLUSION AND ORDER**

16   Based on the above, the Court finds that Plaintiff's first amended complaint fails to state a

17   claim upon which relief can be granted. Plaintiff will be granted an opportunity to file a second

18   amended complaint curing the deficiencies identifies in this order, to the extent he is able to do so

19   in good faith. *Lopez,* 203 F.3d at 1130. If Plaintiff does not wish to file a second amended

20   complaint, he may file a notice of voluntary dismissal.

21   If Plaintiff wishes to file a second amended complaint, any such amended complaint

22   should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to

23   the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678-79. Although accepted

24   as true, the "[f]actual allegation must be [sufficient] to raise a right to relief above the speculative

25   level …." *Twombly*, 550 U.S. at 555 (citations omitted). The amended complaint shall be no

26   longer than a total of 25 pages, including the text and any exhibits. Plaintiff should plainly state

27   the constitutional provision upon which his claim relies, and shall clearly and succinctly state

28   what happened, when it happened, and how each defendant was involved.

14

1    Plaintiff may not change the nature of this suit by adding new, unrelated claims in his

2    amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot"

3    complaints).

4    Finally, Plaintiff is advised that an amended complaint supersedes the original complaint.

5    *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, any second amended

6    complaint must be "complete in itself without reference to the prior or superseded pleading."

7    Local Rule 220.

8    Accordingly, the Court **ORDERS** that:

9    1.    The Clerk's Office shall send Plaintiff a civil rights complaint form; and,

10   2.    **Within 21 days** from the date of service of this order, Plaintiff must either (1) file

11   a second amended complaint curing the deficiencies identified by the Court in this order,

12   or (2) file a notice of voluntary dismissal (Fed. R. Civ. P. 41(a)(1)(A)(i)).

13   **If Plaintiff fails to comply with this order, the Court will recommend that this action**

14   **be dismissed, without prejudice, for failure to obey a court order and for failure to**

15   **prosecute**.

16   IT IS SO ORDERED.

17   Dated:   **February 15, 2024**    _____

18                                      UNITED STATES MAGISTRATE JUDGE