UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOYD SCOTT,<br><br>   Plaintiff,<br><br>  v.<br><br>ADVENTIST HEALTH BAKERSFIELD, et al.,<br><br>   Defendants. | Case No.: 1:22-cv-01334-KES-CDB<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Doc. 18) |

Plaintiff Floyd Scott seeks reconsideration of the October 22, 2024 order dismissing this action for failure to state a claim upon which relief could be granted.

**I. BACKGROUND**

On April 19, 2024, the magistrate judge issued findings and recommendations to dismiss this action for plaintiff's failure to state a claim upon which relief could be granted. Doc. 12. The findings and recommendations were adopted on October 22, 2024, and judgment was entered that same date. Docs. 16, 17. On October 30, 2024, plaintiff filed his motion for reconsideration. Doc. 18.

**II. DISCUSSION**

Although plaintiff does not indicate the rule of procedure under which he seeks relief, the Court will liberally construe the motion and treat the motion as a Rule 60(b) motion for relief

from judgment or order and as a Rule 59(e) motion to alter or amend the judgment.

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court.  Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence ...; (3) fraud ... of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied ... or (6) any other reason justifying relief from the operation of the judgment."  Fed. R. Civ. P. 60(b).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co*., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks & citation omitted).  Reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F. 3d 877, 890 (9th Cir. 2000) (citation omitted); *see also Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (addressing reconsideration under Rule 60(b)).  In seeking reconsideration, the moving party "must demonstrate both injury and circumstances beyond his control." *Harvest*, 531 F.3d at 749 (internal quotation marks & citation omitted).

Further, Local Rule 230(j) requires, in relevant part, that a movant show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

Plaintiff's motion does not identify any basis under Rule 60 upon which this Court should reconsider its order dismissing this action.  Plaintiff fails to demonstrate any circumstances warranting reconsideration of the Court's prior order.  The Court considered plaintiff's two sets of objections when issuing its prior order and plaintiff presents neither newly discovered evidence nor an intervening change in the controlling law that would warrant reconsideration.  Plaintiff

2

merely repeats his earlier objections and further argues his Eighth Amendment deliberate indifference to serious medical needs claims against defendants Condie and Thomas should have been permitted to proceed. Plaintiff has not set forth facts or law providing a basis upon which the Court should reverse its prior decision.

The Court has discretion to amend or alter the judgment under Federal Rule of Civil Procedure 59(e), but such remedy is "extraordinary" and "should be used sparingly." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (internal quotation marks and citation omitted). "In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Id.* Plaintiff has not established any basis for extraordinary relief under Rule 59(e), and the Court does not find that he is entitled to such relief.

Therefore, plaintiff's motion for reconsideration is denied. *See Kona Enters., Inc.*, 229 F. 3d at 890 (reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the interests of finality and conservation of judicial resources").

### III.  CONCLUSION AND ORDER

Accordingly, for the reasons stated above, IT IS ORDERED that:

1. Plaintiff's motion for reconsideration (Doc. 18) is DENIED; and
2. This case remains closed.

IT IS SO ORDERED.

Dated:   January 10, 2025

_____
UNITED STATES DISTRICT JUDGE

3